**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL MALONDA,

     Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

     Respondent.

No. 08-73143

Agency No. A078-442-402

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:  CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

  Daniel Malonda, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Malonda established extraordinary circumstances sufficient to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, Malonda's asylum claim fails.

Substantial evidence supports the agency's denial of CAT relief because Malonda failed to establish it is more likely than not that he will be tortured in Indonesia by or with the acquiescence of the government. *See Wakkary*, 558 F.3d at 1068.

The record does not compel the conclusion that Malonda experienced harms in Indonesia that rise to the level of past persecution. *See Wakkary*, 558 F.3d at 1059-60 (being beaten, robbed, and accosted by a threatening mob did not compel a past persecution finding). However, in analyzing Malonda's fear of future persecution, the agency did not apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). In light of this and our intervening decisions in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), and *Wakkary*, we remand for the agency to assess Malonda's withholding of removal

claim under the disfavored group analysis in the first instance. *See INS v. Ventura*,

537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**